IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY LEE FLEMING, | ) C 08-5011 CW (PR) |
| Plaintiff, | ) ORDER OF SERVICE |
| v. | ) |
| A. SCHWARZENEGGER, et al., | ) |
| Defendants. | ) |

## INTRODUCTION

Plaintiff Gary Lee Fleming, an inmate incarcerated at Salinas Valley State Prison (SVSP), has filed a pro se civil rights action pursuant to 42 U.S.C. § 1983 alleging that he was housed in administrative segregation without appropriate care and assistance. His motion for leave to proceed in forma pauperis has been granted.

Venue is proper because the events giving rise to the claim are alleged to have occurred at SVSP, which is located in this judicial district. See 28 U.S.C. § 1391(b).

## BACKGROUND

The following facts are derived from the allegations in Plaintiff's complaint and the attachments to his complaint, which are taken as true and construed in the light most favorable to Plaintiff for purposes of the Court's initial review of the complaint. See Parks Sch. of Bus., Inc., v. Symington, 51 F.3d 1480, 1483 (9th Cir. 1995).

Plaintiff suffers from paralysis and is wheelchair-bound. (Compl. at 3c;[1] Pl.'s Exs., Letter from Alexander Johnston, Prison

---

[1] Plaintiff's complaint includes three pages that are labeled page 3; therefore, the Court has labeled them pages 3a through 3c.

Law Office.)  On December 28, 2007, Plaintiff was transferred from the California Medical Facility to SVSP.  (Compl. at 3a.)  He alleges a number of problems with his subsequent housing at SVSP.  First, he was housed in administrative segregation for more than five months.  (Id.)  SVSP prison officials acknowledged that they had difficulty housing Plaintiff because of a "lack of bed space."  (Pl.'s Exs., Director's Level Appeal Decision, appeal log no. SVSP-08-02336 at 1.)  Second, while he was housed in administrative segregation, he experienced six days without assistance in using the bathroom and without access to the showers in early January, 2008.  (Compl. at 3b.)  Furthermore, Plaintiff alleges that, on July 11, 2008:  "I fell and injured my head while attempted [sic] to transfer from my bed to my wheelchair."  (Id.)

On May 12, 2008, Plaintiff submitted a 602 inmate appeal, alleging that he had been improperly "warehoused in ad-seg" for over five months.  (Pl.'s Exs., 602 appeal log no. SVSP-08-2336, at 3.)  He appealed this grievance through the Director's Level, where Defendant Grannis, as Chief of the Inmate Appeals Branch, held that "the appellant will be provided appropriate housing, as soon as space becomes available."  (Pl.'s Exs., Director's Level Appeal Decision at 1.)  During the five months when Plaintiff was housed in administrative segregation, he also filed numerous other 602 appeals and ADA Reasonable Accommodation forms, which he attaches to his complaint.

Plaintiff names the following Defendants:  Governor A. Schwarzenegger, SVSP Chief Deputy Warden G. A. Neotti, SVSP Facility Captain M. Muniz, SVSP Warden L. A. Jones, SVSP Healthcare Chief Medical Officer Charles D. Lee, SVSP Warden M. Evans and

2

Appeals Examiner N. Grannis. Plaintiff seeks to be transferred to a "medical prison," such as the California Medical Facility, as well as monetary damages. (Compl. at 3c.)

DISCUSSION

I. Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. Id. § 1915A(b)(1), (2).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

Pro se pleadings must be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988). A claim that is totally incomprehensible may be dismissed as frivolous as it is without an arguable basis in law. See Jackson v. Arizona, 885 F.2d 639, 641 (9th Cir. 1989).

II. Legal Claims

   A. Deliberate Indifference Claim

Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual

3

punishment. See Estelle v. Gamble, 429 U.S. 97, 104 (1976); McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc); Jones v. Johnson, 781 F.2d 769, 771 (9th Cir. 1986). A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need. See McGuckin, 974 F.2d at 1059. A "serious" medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." Id. (citing Estelle v. Gamble, 429 U.S. at 104). A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. Farmer v. Brennan, 511 U.S. 825, 837 (1994).

Plaintiff's paralysis and his assertion that he needs assistance in going to the bathroom, showering, and moving from his wheelchair into his bed support an inference that he suffers from serious medical needs. Liberally construed, Plaintiff's allegations that Defendants failed to provide adequate assistance to him in completing basic care-taking tasks state a cognizable deliberate indifference claim against Defendants.

Liability may be imposed on an individual defendant under § 1983 if the plaintiff can show that the defendant proximately caused the deprivation of a federally protected right. See Leer, 844 F.2d at 634. The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a

4

constitutional deprivation.  See id.  Sweeping conclusory allegations will not suffice; the plaintiff must instead "set forth specific facts as to each individual defendant's" deprivation of protected rights.  Id.

Here, Plaintiff alleges that Defendants Muniz and Lee chose to house him in administrative segregation at SVSP, and "stopped" his care while he was housed there.  (Compl. at 3a-3b.)  Accordingly, Plaintiff states a cognizable deliberate indifference claim against Defendants Muniz and Lee.  Plaintiff also states a cognizable claim against Defendants Grannis and Neotti, who reviewed his appeals and did not remedy the constitutional violation.  Therefore, this claim may also proceed against these Defendants.

B.   Supervisory Liability Claim

Plaintiff names Defendants Schwarzenegger, Jones and Evans as Defendants in this action.  However, Plaintiff has not alleged specific facts linking the individual conduct of these Defendants to the cause of harm he complains he suffered as alleged in his complaint.  Rather, Plaintiff seems to claim that these Defendants are liable based on the conduct of their subordinates.

There is, however, no respondeat superior liability under § 1983 solely because a defendant is responsible for the actions or omissions of another.  See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).  A supervisor generally "is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them."  Id.  A supervisor may also be held liable if he or she implemented "a policy so deficient that the policy itself is a repudiation of constitutional

5

rights and is the moving force of the constitutional violation." Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc).

Plaintiff's supervisory claim against Defendants Schwarzenegger, Jones and Evans is therefore DISMISSED with leave to amend. He may file an amendment to the complaint that alleges with specificity either the individual liability of each of these Defendants as to his claim of deliberate indifference or the supervisory liability of these Defendants under the standards explained above.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. Plaintiff states a cognizable Eighth Amendment claim for deliberate indifference to serious medical needs against Defendants Muniz, Lee, Grannis and Neotti.

2. Plaintiff's supervisory liability claim against Defendants Schwarzenegger, Jones and Evans is DISMISSED WITH LEAVE TO AMEND as indicated above.

3. Within thirty (30) days of the date of this Order Plaintiff may file an amendment to the complaint with his amended supervisory liability claim against Defendants Schwarzenegger, Jones and Evans as set forth above in Section II(B) of this Order. (Plaintiff shall resubmit only that claim and not the entire complaint.) The failure to do so will result in the dismissal without prejudice of the supervisory liability claim against Defendants Schwarzenegger, Jones and Evans. Plaintiff may also add a claim under Title II of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 et seq. against Defendant Schwarzenegger.

4.  The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint and all attachments thereto (docket no. 1) and a copy of this Order to <u>Appeals Examiner N. Grannis as well as SVSP Facility Captain M. Muniz, Healthcare Chief Medical Officer Charles D. Lee and Chief Deputy Warden G. A. Neotti</u>. The Clerk of the Court shall also mail a copy of the complaint and a copy of this Order to the State Attorney General's Office in San Francisco. Additionally, the Clerk shall mail a copy of this Order to Plaintiff.

5.  Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and complaint. Pursuant to Rule 4, if Defendants, after being notified of this action and asked by the Court, on behalf of Plaintiff, to waive service of the summons, fail to do so, they will be required to bear the cost of such service unless good cause be shown for their failure to sign and return the waiver form. If service is waived, this action will proceed as if Defendants had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendants will not be required to serve and file an answer before <u>sixty (60) days</u> from the date on which the request for waiver was sent. (This allows a longer time to respond than would be required if formal service of summons is necessary.) Defendants are asked to read the statement set forth at the foot of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons. If service is waived after the date provided in the Notice but before Defendants have been

7

personally served, the Answer shall be due <u>sixty (60) days</u> from the date on which the request for waiver was sent or <u>twenty (20) days</u> from the date the waiver form is filed, whichever is later.

    6.    Defendants shall answer the complaint in accordance with the Federal Rules of Civil Procedure.  The following briefing schedule shall govern dispositive motions in this action:

        a.    No later than <u>ninety (90) days</u> from the date their answer is due, Defendants shall file a motion for summary judgment or other dispositive motion.  The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56.  If Defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date the summary judgment motion is due.  All papers filed with the Court shall be promptly served on Plaintiff.

        b.    Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than <u>sixty (60) days</u> after the date on which Defendants' motion is filed.  The Ninth Circuit has held that the following notice should be given to <u>pro se</u> plaintiffs facing a summary judgment motion:

> The defendant has made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what

8

```
          your complaint says.  Instead, you must set out specific
          facts in declarations, depositions, answers to
          interrogatories, or authenticated documents, as provided
          in Rule 56(e), that contradict the facts shown in the
          defendant's declarations and documents and show that
          there is a genuine issue of material fact for trial.  If
          you do not submit your own evidence in opposition,
          summary judgment, if appropriate, may be entered against
          you.  If summary judgment is granted [in favor of the
          defendants], your case will be dismissed and there will
          be no trial.
```

See Rand v. Rowland, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc).

Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that because he bears the burden of proving his allegations in this case, he must be prepared to produce evidence in support of those allegations when he files his opposition to Defendants' dispositive motion. Such evidence may include sworn declarations from himself and other witnesses to the incident, and copies of documents authenticated by sworn declaration. Plaintiff will not be able to avoid summary judgment simply by repeating the allegations of his complaint.

    c.  If Defendants wish to file a reply brief, they shall do so no later than thirty (30) days after the date Plaintiff's opposition is filed.

    d.  The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion unless the Court so orders at a later date.

    7.  Discovery may be taken in this action in accordance with the Federal Rules of Civil Procedure.  Leave of the Court pursuant

9

1  to Rule 30(a)(2) is hereby granted to Defendants to depose
2  Plaintiff and any other necessary witnesses confined in prison.

3      8.  All communications by Plaintiff with the Court must be
4  served on Defendants, or Defendants' counsel once counsel has been
5  designated, by mailing a true copy of the document to Defendants or
6  Defendants' counsel.

7      9.  It is Plaintiff's responsibility to prosecute this case.
8  Plaintiff must keep the Court informed of any change of address and
9  must comply with the Court's orders in a timely fashion.

10      10.  Extensions of time are not favored, though reasonable
11 extensions will be granted.  Any motion for an extension of time
12 must be filed no later than <u>fifteen (15) days</u> prior to the deadline
13 sought to be extended.

14      IT IS SO ORDERED.

15 DATED: 7/6/09



16 CLAUDIA WILKEN
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

GARY L FLEMING,

        Plaintiff,

  v.

A SCHWARZENEGGER et al,

        Defendant.

Case Number: CV08-05011 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on July 6, 2009, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Gary Lee Fleming T-29495
Salinas Valley State Prison
P.O. Box 1050
B-5-109W
Soledad, CA 93960-1050

Dated: July 6, 2009

                Richard W. Wieking, Clerk
                By: Sheilah Cahill, Deputy Clerk