1

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                   FOR THE NORTHERN DISTRICT OF CALIFORNIA

8   GARY L. FLEMING,                         No. 08-05011 CW

9           Plaintiff,                       ORDER DENYING
                                             DEFENDANTS'
10     v.                                    MOTION TO DISMISS
                                             (Docket No. 24)
11  ARNOLD SCHWARZENEGGER, et al.,

12          Defendants.

13  _____/

14

15      Pro se Plaintiff Gary Lee Fleming, a California state

16  prisoner incarcerated at Salinas Valley State Prison (SVSP), files

17  a civil rights action pursuant to 42 U.S.C. § 1983.  This Court

18  screened Plaintiff's complaint pursuant to 28 U.S.C. § 1915A and

19  found that, liberally construed, Plaintiff stated a cognizable

20  Eighth Amendment claim for deliberate indifference to his serious

21  medical needs against Defendants M. Muniz, G. A. Neotti, Charles D.

22  Lee, MD, and N. Grannis.  The Court dismissed with leave to amend

23  Plaintiff's Eighth Amendment claim against Defendants Arnold

24  Schwarzenegger, L. A. Jones and M. Evans because he had failed to

25  allege any specific conduct that caused him harm.  Plaintiff timely

26  filed an amended complaint, in which he adds a claim under the

27  Americans with Disabilities Act (ADA) against Defendant

28

United States District Court
For the Northern District of California

Schwarzenegger.[1]  Defendants filed a motion to dismiss based, in part, on Plaintiff's failure to exhaust his claims and, in part, on preemption by two federal class actions.  Plaintiff filed an opposition.  Defendants filed a reply.  Having considered all the papers filed by the parties, the Court DENIES Defendants' motion to dismiss.

BACKGROUND

Plaintiff suffers from paralysis and is wheelchair-bound. Compl. at 3c;[2] Pl.'s Exs., Letter from Alexander Johnston, Prison Law Office.  Plaintiff alleges his rights under the Eighth and Fourteenth Amendments were violated when Defendants Muniz and Lee placed him in administrative segregation for five months without adequate care and Defendant Neotti did not rectify the situation upon reviewing his appeals.  Compl. 3a-3c.  In early January, 2008, while Plaintiff was in administrative segregation, he experienced six days without assistance in using the bathroom and without access to the showers.  Compl. at 3b.

On May 12, 2008, Plaintiff submitted a 602 inmate appeal, alleging that he had been improperly "warehoused in ad-seg" for over five months.  Pl.'s Exs., 602 appeal log no. SVSP-D-08-02336, at 3.  He appealed this grievance through the Director's Level,

---

[1] Under Federal Rule of Civil Procedure 15(a), Plaintiff could amend his complaint as of right because Defendants had not yet filed a responsive pleading.  In his amended complaint, Plaintiff again fails to allege specific conduct regarding his Eighth Amendment claim on the part of Defendants Schwarzenegger, Jones and Evans that harmed Plaintiff.  The Eighth Amendment claims against them are, therefore, dismissed without leave to amend.

[2] Plaintiff's complaint includes three pages that are labeled page 3; therefore, the Court has labeled them pages 3a through 3c.

United States District Court
For the Northern District of California

1  where Defendant Grannis, as Chief of the Inmate Appeals Branch,

2  held that "the appellant will be provided appropriate housing, as

3  soon as space becomes available."  Pl.'s Exs., Director's Level

4  Appeal Decision at 1.

5                          LEGAL STANDARD

6  I.   Motion to Dismiss

7       A complaint must contain a "short and plain statement of the

8  claim showing that the pleader is entitled to relief."  Fed. R.

9  Civ. P. 8(a).  When considering a motion to dismiss under Rule

10 12(b)(6) for failure to state a claim, dismissal is appropriate

11 only when the complaint does not give the defendant fair notice of

12 a legally cognizable claim and the grounds on which it rests.  Bell

13 Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  In

14 considering whether the complaint is sufficient to state a claim,

15 the court will take all material allegations as true and construe

16 them in the light most favorable to the plaintiff.  NL Indus., Inc.

17 v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986).  However, this

18 principle is inapplicable to legal conclusions; "threadbare

19 recitals of the elements of a cause of action, supported by mere

20 conclusory statements," are not taken as true.  Ashcroft v. Iqbal,

21 ___ U.S. ___, 129 S. Ct. 1937, 1949-50 (2009) (citing Twombly, 550

22 U.S. at 555).

23 II.  Exhaustion

24      Title 42 U.S.C. § 1997e(a), amended by the Prison Litigation

25 Reform Act of 1995 (PLRA), provides, "No action shall be brought

26 with respect to prison conditions under [42 U.S.C. § 1983], or any

27 other Federal law, by a prisoner confined in any jail, prison, or

28                                  3

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

other correctional facility until such administrative remedies as are available are exhausted."  Compliance with prison grievance procedures is all that is required by the PLRA to properly exhaust. Jones v. Bock, 549 U.S. 199, 218 (2007).

Non-exhaustion under § 1997e(a) is an affirmative defense. Id. at 216 (2007); Wyatt v. Terhune, 315 F.3d 1108, 119-20 (9th Cir.), cert. denied, 540 U.S. 810 (2003).  Defendants have the burden of raising and proving the absence of exhaustion, and inmates are not required specifically to plead or demonstrate exhaustion in their complaints.  Jones, 549 U.S. at 216.

DISCUSSION

I.   Relief Sought

Plaintiff seeks $20,000 in damages and injunctive relief in the form of a transfer to a medical prison.  Compl. at 3c. Defendants submit evidence that on August 12, 2008, Plaintiff was assigned to a cell in SVSP's "B" yard that complies with the ADA, with three assigned ADA workers to assist him.  Grannis Decl. ¶ 11, Ex. B.  Because Plaintiff's housing needs have been met, his claim for injunctive relief is moot and is therefore dismissed.  However, his claim for damages is not dismissed on this ground.

II.  Class Actions

Defendants allege that Plaintiff's claims are barred by two class action suits, Plata v. Schwarzenegger, No. 01-1351 (N.D. Cal. filed April 5, 2001) and Armstrong v. Schwarzenegger, No. 94-2307

4

(N.D. Cal. filed June 29, 1994).[3]  <u>Plata</u> and <u>Armstrong</u> are two prisoner class actions for injunctive relief addressing the adequacy of the care provided by the California Department of Corrections and Rehabilitation (CDCR) as required under the Eighth Amendment and its compliance with the ADA and § 504 of the Rehabilitation Act (RA).  Req. Judicial Notice Ex. A and C.

Individual suits for injunctive and equitable relief from alleged unconstitutional prison conditions cannot be brought where there is a pending class action suit involving the same subject matter.  <u>McNeil v. Guthrie</u>, 945 F.2d 1163, 1165 (10th Cir. 1991); <u>Gillespie v. Crawford</u>, 858 F.2d 1101, 1103 (5th Cir. 1988).  But a class action suit seeking only declaratory and injunctive relief does not bar subsequent individual damage claims by class members, even if based on the same events.  <u>Hiser v. Franklin</u>, 94 F.3d 1287, 1291 (9th Cir. 1996).

Plaintiff's claim for injunctive relief has been dismissed because it is moot.  Therefore, Defendants' claim of preemption of Plaintiff's claim for injunctive relief is also moot.  However, Plaintiff is not barred from pursuing an individual claim for damages by these class actions.  Therefore, Defendants' motion to dismiss Plaintiff's claim for damages based on preemption is denied.

---

[3] The Court grants Defendants' Request for Judicial Notice of Exhibits A, B and C of the request, documents filed in <u>Plata</u> and <u>Armstrong</u>.

United States District Court
For the Northern District of California

III. ADA Claim

In his amended complaint, Plaintiff asserts a cognizable claim under Title II of the ADA against Defendant Schwarzenegger. Citing Vinson v. Thomas, 288 F.3d 1145 (9th Cir. 2002), Defendants move to dismiss this claim based on the ground that claims under the ADA cannot be brought against individuals. Vinson held that a plaintiff cannot bring an action against a state official in his individual capacity for a violation of the ADA. 288 F.3d at 1156. However, Plaintiff may bring his claim against Defendant Schwarzenegger in his official capacity, as Governor of California with oversight of the CDCR. Defendants' motion to dismiss on this ground is, therefore, denied.

Compensatory damages are not available under Title II of the ADA absent a showing of discriminatory intent. Ferguson v. City of Phoenix, 157 F.3d 668, 674 (9th Cir. 1998). Discriminatory intent is sufficiently plead with an allegation of deliberate indifference, which requires the knowledge that a harm to a federally protected right is substantially likely, and a failure to act upon that likelihood. Duvall v. County of Kitsap, 260 F.3d 1124, 1138-39, (9th Cir. 2001). Plaintiff alleges that the State's actions were deliberately indifferent. Specifically, as discussed further below, Plaintiff alleges that the State knew of his disability and failed to provide him with adequate housing and assistance. Therefore, Defendants' motion to dismiss the ADA claim is denied.

United States District Court
For the Northern District of California

1  IV.   Exhaustion

2      Defendants assert that because Plaintiff has failed to exhaust

3  administrative remedies his claims should be dismissed.[4]

4      The State of California provides its inmates the right to

5  appeal administratively "any departmental decision, action,

6  condition or policy perceived by those individuals as adversely

7  affecting their welfare."  Cal. Code Regs. tit. 15, § 3084.1(a).

8  In order to exhaust available administrative remedies within this

9  system, a prisoner must proceed through several levels of appeal:

10  (1) informal resolution, (2) formal written appeal on a CDCR 602

11  inmate appeal form, (3) second level appeal to the institution head

12  or designee, and (4) third level appeal to the Director of the

13  CDCR.  Id. § 3084.5; Barry v. Ratelle, 985 F. Supp. 1235, 1237

14  (S.D. Cal. 1997).

15      Defendants proffer three appeals submitted by Plaintiff to the

16  CDCR which they argue relate to Plaintiff's claims in the instant

17  action.  Only one of these appeals was pursued through all three

18  levels of the prison grievance process; the other two were not

19  pursued once Plaintiff's grievances were redressed.  Medina Decl.

20  Ex. A at 22-23.  In Plaintiff's appeal SVSP-D-08-02336, filed in

21  May, 2008, he alleged that he was placed in administrative

22  segregation for five months and not given the medical care

23  necessary to treat his disability.  Pl.'s Compl. at 8-9.  The form

24  asked Plaintiff merely to "Describe Problem" and to state "Action

25

26      [4] In deciding a motion to dismiss for failure to exhaust non-
judicial remedies, the court may look beyond the pleadings and
27  decide disputed issues of fact.  Wyatt, 315 F.3d at 1119-20.

28                                  7

Requested," which he did.  Pl.'s Compl. at 8.  Completion of the form provided by the state is all that the PLRA requires.  Butler v. Adams, 397 F.3d 1181, 1183 (9th Cir. 2003).  This appeal was pursued through all three administrative levels.  Decl. Medina Ex. A at 22.

Plaintiff's allegations in appeal SVSP-D-08-02336 are sufficient to put Defendants on notice that he is bringing claims of deliberate indifference to his housing and treatment needs due to his disability.  Plaintiff fully exhausted the administrative remedies of the prison system for these claims before seeking relief from this Court.

Defendants argue that Defendants Neotti and Grannis must be dismissed for lack of exhaustion because they are not named in appeal SVSP-D-08-02336.  However, the exhaustion requirement of the PLRA does not require prisoners to identify specific people by name.  Butler, 397 F.3d at 1183.  Therefore, Defendants' motion to dismiss the claims against Defendants Neotti and Grannis for failure to exhaust is denied.

V.   Deliberate Indifference

Defendants submit declarations to show that they took affirmative steps to address Plaintiff's housing needs at SVSP and claim that they attempted on numerous occasions to house Plaintiff appropriately, but were unable to do so because of lack of space.[5]

_____

[5] Declarations on a motion to dismiss for failure to state a claim are not usually considered.  However, even considering Defendants' declarations, the motion to dismiss is denied.

8

Defendants argue that these attempts preclude a finding of deliberate indifference to Plaintiff's serious medical needs.

Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. Estelle v. Gamble, 429 U.S. 97, 104 (1976); McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc); Jones v. Johnson, 781 F.2d 769, 771 (9th Cir. 1986). A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need. McGuckin, 974 F.2d at 1059. A "serious" medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain."[6] Id. (citing Estelle, 429 U.S. at 104). A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. Farmer v. Brennan, 511 U.S. 835, 837 (1994).

Plaintiff alleges he was left "for six days by Captain M. Muniz and Charles D. Lee, CMO, MD, after six days of not know [sic] care in urine and no showers." Pl.'s Compl. at 3a. Plaintiff also alleges that Defendants Muniz and Lee inappropriately chose to house him in administrative segregation at SVSP, and that Dr. Lee "stopped [his] care" while he was housed there. Pl.'s Compl. at

---

[6] Defendants do not dispute that Plaintiff has a serious medical need.

United States District Court
For the Northern District of California

3a-3b.  Plaintiff alleges that Defendant Neotti investigated his appeals and did not remedy the situation.  Pl.'s Compl. at 3c.

Infliction of pain within the meaning of the Eighth Amendment encompasses a "lack of sanitation that is severe or prolonged." Anderson v. County of Kern, 45 F.3d 1310, 1314, as amended, 75 F.3d 448 (9th Cir. 1995) (finding a lack of sanitation where prisoner was confined for two days in cell with excrement-encrusted pit toilet and without sink or washing facilities).  In Johnson v. Lewis, 217 F.3d 726, 730-31 (9th Cir. 2000), Arizona prisoners deprived of access to toilets and other basic necessities for four days, during which time some inmates urinated or defecated into their clothing, which was not changed for the four-day period, made a showing that the deprivation was sufficiently serious to violate their rights under the Eighth Amendment.  Defendants argue they were not deliberately indifferent because they attempted to house Plaintiff appropriately, but were unable to do so because of lack of bed space in areas of the prison that could adequately accommodate him.  However, taken as true, Plaintiff's allegations satisfy the requirements of an Eighth Amendment claim against Defendants Muniz, Lee and Neotti.  Therefore, Defendants' motion to dismiss the Eighth Amendment claim against Defendants Muniz, Lee and Neotti is denied.

Defendants argue that Plaintiff only lists Defendant Grannis' name on the complaint and fails to specify conduct that violated his Eighth Amendment rights.  It can be inferred, however, that Plaintiff's claim against Defendant Grannis stems from her review and denial of Plaintiff's appeal.  This inference is sufficient to

state a claim of deliberate indifference.  Defendants' motion to dismiss the claim against Defendant Grannis is, therefore, denied.

CONCLUSION

Plaintiff's claim for injunctive relief is dismissed as moot.  Plaintiff's claim for damages for deliberate indifference to his serious medical needs in violation of his Eighth Amendment rights is dismissed against Defendants Evans, Jones and Schwarzenegger.  It is not dismissed against Defendants Muniz, Lee, Neotti and Grannis. (Docket No. 24).  Defendants' motion to dismiss the ADA claim for damages against Defendant Schwarzenegger in his official capacity is DENIED.

Defendants' request for additional time to file a motion for summary judgment is GRANTED.  The motion is due twenty-eight days from the date of this order.  Plaintiff's opposition is due twenty-eight days thereafter, and Defendants' reply is due fourteen days after that.

IT IS SO ORDERED.

Dated:   August 4, 2010

_____
CLAUDIA WILKEN
United States District Judge