IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

GARY LEE FLEMING,                          No. C 08-5011 CW (PR)

        Plaintiff,                    ORDER GRANTING DEFENDANT
                                  GOVERNOR BROWN'S MOTION FOR
   v.                                       SUMMARY JUDGMENT

EDMUND G. BROWN, et al.,                    (Docket no. 51)

        Defendants.
_____/

INTRODUCTION

Plaintiff Gary Lee Fleming, a state prisoner, filed this pro se civil rights action under 42 U.S.C. § 1983.  In his original complaint, he alleged that prison officials at Salinas Valley State Prison (SVSP) had acted with deliberate indifference to his serious medical needs.  He sought injunctive relief in the form of a transfer to a medical prison and also requested $20,000 in monetary damages.  Subsequently, in an amended complaint, Plaintiff added a claim against then Governor Arnold Schwarzenegger for the violation of the rights afforded him under the Americans with Disabilities Act (ADA).

By Order filed July 27, 2011, the Court granted summary judgment in favor of the SVSP Defendants and California Department of Corrections and Rehabilitation (CDCR) Appeals Examiner N. Grannis on Plaintiff's deliberate indifference claims.  (Docket no. 46.)

Now pending before the Court is the one remaining claim in this action, specifically, Plaintiff's ADA claim.  Governor Edmund G. Brown, who has been substituted for Governor Schwarzenegger, has filed a motion for summary judgment.  The due date for Plaintiff to file an opposition brief was November 26, 2011.  Plaintiff did not

file an opposition brief or request an extension of time.

For the reasons discussed below, the Court GRANTS Governor Brown's motion for summary judgment and enters judgment in favor of all Defendants.

BACKGROUND

The following is a summary of the factual allegations in Plaintiff's original and amended complaints, as described in greater detail in the Order granting summary judgment to Defendants on Plaintiff's deliberate indifference claims.

Plaintiff is disabled and uses a wheelchair.  He is a Level IV inmate, the highest security classification level at the CDCR, and has been designated as a sensitive-needs yard (SNY) inmate requiring protective custody.

Plaintiff initially was transferred from SVSP to the California Medical Facility (CMF) on October 29, 2007, for psychiatric treatment.  Thereafter, the Institutional Classification Committee (ICC) at the Department of Mental Health determined that Plaintiff was not eligible to return to protective custody at SVSP's SNY. Nevertheless, on December 28, 2007, he mistakenly was transferred back to SVSP.

Upon Plaintiff's return to SVSP, his Level IV status required his placement in the Administrative Segregation Unit (ASU) until a permanent housing determination could be made.  The ASU cell provided for Plaintiff was wheelchair-accessible.  On January 10, 2008, Plaintiff attended an initial ASU ICC hearing, at which time the ICC determined that Plaintiff could not stay at SVSP because his Level IV status required that he be housed in Facility A, but he had a documented enemy there.

Consequently, because of Plaintiff's documented enemy, his status as a Level IV sensitive-needs inmate, his "Disability Impacting Placement--Wheelchair" status under the <u>Armstrong</u>[1] Remedial Plan and his status in the Correctional Clinical Case Management system, the ICC recommended to the Classifications Staff Representative (CSR) that Plaintiff be transferred to the Substance Abuse Treatment Facility's (SATF) Level IV SNY.  Additionally, the ICC elected to retain Plaintiff in the ASU, pending transfer, for his safety and security.

On April 24, 2008, Plaintiff attended a program review before the ICC.  The ICC determined that Plaintiff could not be transferred to SATF because of a shortage of available Disabled Person Wheelchair (DPW) beds in that facility.  The ICC attempted to obtain alternative housing for Plaintiff, but the only available cell housed an inmate of another race and Plaintiff refused to live with anyone of a different race.  Therefore, the ICC recommended, and the CSR endorsed, Plaintiff's transfer to SVSP's Facility B Level III SNY on an "override," once a bed became available.

By June 12, 2008, Plaintiff still had not been transferred. Consequently, the ICC recommended to the CSR that Plaintiff be transferred to either SATF's Level III SNY or Pleasant Valley State Prison's Level III SNY.  On July 30, 2008, the CSR re-endorsed Plaintiff for transfer to SVSP's Level III SNY; on August 11, 2008 Plaintiff was transferred to a wheelchair-accessible cell in that facility.

In his original complaint, Plaintiff alleged his Eighth Amendment rights were violated when SVSP prison staff and physicians

---

[1] <u>Armstrong v. Brown</u>, Case No. C 94-2307 CW (N.D. Cal.).

acted with deliberate indifference by (1) failing to attend to his urinary incontinence and showering needs for six days between December 31, 2007 and January, 5, 2008, and (2) failing to provide him with adequate medical care and move him from the ASU between December 28, 2007 and August 11, 2008. As noted, the Court granted summary judgment to those Defendants on all of Plaintiff's Eighth Amendment claims.

Plaintiff's remaining claim in this matter is plead in his amended complaint as "a claim under title II of the ADA" against Governor Brown. (AC at 3.) He makes no other allegations in support of this claim.

DISCUSSION

I.  Legal Standard

Summary judgment is properly granted when no genuine and disputed issues of material fact remain and when, viewing the evidence most favorably to the non-moving party, the movant is clearly entitled to prevail as a matter of law. Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Eisenberg v. Ins. Co. of N. Am., 815 F.2d 1285, 1288-89 (9th Cir. 1987).

The moving party bears the burden of showing that there is no material factual dispute. Therefore, the Court must regard as true the opposing party's evidence, if supported by affidavits or other evidentiary material. Celotex, 477 U.S. at 324; Eisenberg, 815 F.2d at 1289. The Court must draw all reasonable inferences in favor of the party against whom summary judgment is sought. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Intel

Corp. v. Hartford Accident & Indem. Co., 952 F.2d 1551, 1558 (9th Cir. 1991).

Material facts which would preclude entry of summary judgment are those which, under applicable substantive law, may affect the outcome of the case. The substantive law will identify which facts are material. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Where the moving party does not bear the burden of proof on an issue at trial, the moving party may discharge its burden of showing that no genuine issue of material fact remains by demonstrating that "there is an absence of evidence to support the nonmoving party's case." Celotex, 477 U.S. at 325. The burden then shifts to the opposing party to produce "specific evidence, through affidavits or admissible discovery material, to show that the dispute exists." Bhan v. NME Hosps., Inc., 929 F.2d 1404, 1409 (9th Cir. 1991), cert. denied, 502 U.S. 994 (1991). A verified complaint may be used as an opposing affidavit under Rule 56 of the Federal Rules of Civil Procedure, as long as it is based on personal knowledge and sets forth specific facts admissible in evidence. Schroeder v. McDonald, 55 F.3d 454, 460 & nn.10-11 (9th Cir. 1995). A complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial. Celotex, 477 U.S. at 323.

II.   Evidence Considered

A district court may only consider admissible evidence in ruling on a motion for summary judgment. See Fed. R. Civ. P. 56(e); Orr v. Bank of America, 285 F.3d 764, 773 (9th Cir. 2002).

In support of the motion for summary judgment, Governor Brown

has submitted the declaration of SVSP Facility Captain W. Muniz.

As noted, Plaintiff has not filed an opposition to the motion for summary judgment.  Plaintiff, however, verified both his original and amended complaints, by signing them under penalty of perjury.  Therefore, for the purpose of this Order and in accordance with Rule 56, the Court will treat Plaintiff's pleadings as affidavits in opposition to the motion for summary judgment.  See Schroeder, 55 F.3d at 460 & nn.10-11.

III. ADA Claim

A.   Legal Standard

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."  42 U.S.C. § 12132.

To state a claim under Title II of the ADA, the plaintiff must allege four elements: (1) the plaintiff is an individual with a disability; (2) the plaintiff is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; (3) the plaintiff was either excluded from participation in or denied the benefits of the public entity's services, programs or activities, or was otherwise discriminated against by the public entity; and (4) such exclusion, denial of benefits, or discrimination was by reason of the plaintiff's disability.  Thompson v. Davis, 295 F.3d 890, 895 (9th Cir. 2002).

Although section 12132 does not expressly provide for reasonable accommodations, the implementing regulations provide that

United States District Court
For the Northern District of California

"[a] public entity shall make reasonable modifications in policies, practices, or procedures when the modifications are necessary to avoid discrimination on the basis of disability, unless the public entity can demonstrate that making the modifications would fundamentally alter the nature of the service, program, or activity." 28 C.F.R. § 35.130(b)(7).  The duty to provide "reasonable accommodations" or "reasonable modifications" for disabled people under Title II of the ADA arises only when a policy, practice or procedure discriminates on the basis of disability. Weinreich v. Los Angeles County MTA, 114 F.3d 976, 979 (9th Cir. 1997).

Damages are not available under Title II of the ADA absent a showing of discriminatory intent.  See Ferguson v. City of Phoenix, 157 F.3d 668, 674 (9th Cir. 1998).  To show discriminatory intent, a plaintiff must establish deliberate indifference by the public entity.  Duvall v. County of Kitsap, 260 F.3d 1124, 1138 (9th Cir. 2001).  Deliberate indifference requires (1) knowledge that a harm to a federally protected right is substantially likely, and (2) a failure to act upon that likelihood.  Id. at 1139.

B.   Analysis

1.   Relief Sought

Plaintiff's request for injunctive relief no longer is at issue in this action because, as the Court determined in a prior Order, that claim was rendered moot when Plaintiff was transferred to a cell in SVSP's Facility B Level III SNY yard that complies with the ADA, and was provided with three assigned ADA workers to assist him. (Docket no. 33 at 4:12-20.)  Accordingly, only Plaintiff's damages

7

claim remains.

              2.    Participation in Services, Programs or Activities

In his motion for summary judgment, Governor Brown does not argue that Plaintiff is not an individual with a disability who is otherwise qualified to participate in or receive the benefit of the CDCR's services, programs or activities. Rather, Governor Brown maintains that Plaintiff cannot prevail on his ADA claim because he has not produced evidence that shows (1) he was excluded from participation in or denied the benefits of such services, programs or activities, and (2) such exclusion or denial was by reason of Plaintiff's disability.

As noted, Plaintiff has not alleged specific facts in support of his ADA claim. Liberally construing the allegations in the original and amended complaints, however, it appears that Plaintiff's argument is that because of his placement and retention in the ASU he was denied the benefit of services necessary for accommodation of his disability. Specifically, Plaintiff has alleged that for six days between December 31, 2007 and January 5, 2008, he did not receive adequate assistance for his urinary incontinence and access to showers, and that for the duration of his stay in the ASU, until August 11, 2008, he did not receive adequate medical care, access to laundry and library materials, or assistance with showering.

As an initial matter, Governor Brown argues that Plaintiff's claim fails because he has not shown that his placement and retention in the ASU, which resulted in the alleged denial of the benefit of services necessary to accommodate his disability, was due

to his disability.  See Weinreich, 114 F.3d at 979.  Rather, the undisputed evidence shows that Plaintiff was placed and retained in the ASU for legitimate penological reasons, specifically, his classification as a Level IV SNY inmate with a documented enemy in Facility A, where he otherwise would have been housed.  (Decl. W. Muniz Supp. Mot. for Summ. J. ¶¶ 7-8 & Ex. A.)

Additionally, Governor Brown argues that Plaintiff cannot raise a triable issue of material fact with respect to whether he was denied the benefit of services to accommodate his disability because he has produced no evidence that calls into question the Court's factual findings, made in its prior Order granting summary judgment on Plaintiff's deliberate indifference claims, that during the period of Plaintiff's stay in the ASU he received adequate, regular medical care and assistance with his daily needs.  (Docket no. 46 at 15:8-20:17.)

Further, Governor Brown cites to evidence in Plaintiff's complaint which shows that his requests for a change of laundry as needed to accommodate his frequent urination problem, access to library materials and assistance with showering were granted.  (See Compl. Exs. Reviewer's Action, SVSP-D-08-00637, dated March 3, 2008 (laundry); First Level Appeal Decision, SVSP-D-08-03017, dated July 11, 2008 (library materials); First Level Appeal Decision, SVSP-D-08-03633, dated August 16, 2008 (shower access).)

Based on the undisputed evidence set forth above, the Court finds Plaintiff's claim ADA fails because even if Plaintiff is disabled and otherwise qualified to receive the benefit of services necessary for accommodation of his disability, he has not raised a

United States District Court
For the Northern District of California

triable issue of material fact with respect to whether his placement in the ASU, with the attendant denial of such services, was by reason of his disability.

Moreover, even if a triable issue of material fact did exist, Plaintiff's ADA claim fails because he has not produced evidence that Governor Brown acted with deliberate indifference, as discussed below.

### 3.   Deliberate Indifference

As noted, in order for Plaintiff to prevail on his ADA damages claim he must produce evidence that raises a triable issue of material fact with respect to whether his placement and retention in the ASU, and the alleged lack of reasonable accommodation he received for his disability during that period, was the result of deliberate indifference.

To satisfy the first prong of deliberate indifference, a plaintiff must identify a specific, reasonable and necessary accommodation that the public entity has failed to provide, and that the plaintiff notified the public entity of the need for accommodation. Duvall, 260 F.3d at 1138.

Governor Brown argues that Plaintiff has not produced evidence that shows he was denied reasonable and necessary accommodation for his disability during the time he was housed in the ASU. The Court agrees. The undisputed evidence shows that while Plaintiff was housed in the ASU he was in a wheelchair-accessible cell, monitored regularly by prison correctional and medical staff, provided with assistance for his daily needs, and regularly met with the ICC, which consistently endorsed him for transfer to a more appropriate

10

facility based on his physical and mental health needs.

The second prong of deliberate indifference requires a showing that the entity deliberately failed to fulfill its duty to act in response to the request for accommodation. Id. at 1139-40. To raise a triable issue of material fact on this point, the plaintiff must present evidence that the entity failed to undertake a fact-specific investigation, gathering from the plaintiff and qualified experts sufficient information to determine what constituted a reasonable accommodation. Id. The Ninth Circuit has made clear that in order to satisfy this prong, the plaintiff must show that the entity's failure to act was deliberate:

> Because in some instances events may be attributable to bureaucratic slippage that constitutes negligence rather than deliberate action or inaction, we have stated that deliberate indifference does not occur where a duty to act may simply have been overlooked, or a complaint may reasonably have been deemed to result from events taking their normal course. Rather, in order to meet the second element of the deliberate indifference test, a failure to act must be a result of conduct that is more than negligent, and involves an element of deliberateness.

Id. (internal citation omitted).

Here, Plaintiff has presented no evidence that shows his placement in the ASU, denial of services to accommodate his disability, and the delay in transferring him to a more appropriate facility were the result of prison officials' deliberate failure to act in response to Plaintiff's requests for reasonable accommodation. Rather, the undisputed evidence shows the following: (1) prison officials conducted a fact-specific inquiry into Plaintiff's medical and safety needs when determining where he should be housed; (2) Plaintiff was placed in a wheelchair-accessible cell in the ASU, where he was provided with assistance

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

for his daily needs, because he could not be housed in Facility A
due to enemy concerns; (3) in January 2008, at Plaintiff's first ICC
review, the ICC recommended to the CSR, and the CSR endorsed,
Plaintiff's transfer to SATF's Level IV SNY and chose to retain
Plaintiff in the ASU for his safety and security pending transfer;
(4) in April 2008, at Plaintiff's next ICC review, the ICC
determined Plaintiff could not be transferred to SATF because of a
shortage of available DPW beds in that facility; (5) the ICC
attempted to obtain alternative housing for Plaintiff, but the only
available cell housed an inmate of another race and Plaintiff
refused to live with anyone of a different race; (6) the ICC then
recommended, and the CSR endorsed, Plaintiff's transfer to SVSP's
Facility B Level III SNY on an "override," once a bed became
available; (7) at Plaintiff's ICC review in June 2008, the ICC
determined that because no bed had yet become available it would
recommend that Plaintiff be transferred to a Level III SNY at either
SVSP or Pleasant Valley State Prison; (8) in July 2008 the CSR re-
endorsed Plaintiff for transfer to SVSP's Level III SNY; (9) on
August 11, 2008, Plaintiff's transfer was completed.

Based on the above, the Court finds Plaintiff has not produced
evidence that raises a triable issue of material fact with respect
to whether his placement and retention in the ASU until he was
transferred to SVSP's Level III SNY was the result of deliberate
indifference.  Rather, the reasonable inference to be drawn from the
undisputed evidence is that the delay in transferring Plaintiff to
more appropriate housing resulted either from negligent
"bureaucratic slippage" or "events taking their normal course."

12

United States District Court
For the Northern District of California

Duvall, 260 F.3d at 1139-40.

Accordingly, as Plaintiff has failed to establish the violation of his rights under the ADA and that he is entitled to monetary damages therefor, Governor Brown's motion for summary judgment is GRANTED.

CONCLUSION

For the foregoing reasons, the Court orders as follows:

1.    Defendant Governor Brown's motion for summary judgment is GRANTED.

2.    This Order terminates Docket no. 51.

3.    The Clerk of the Court shall enter judgment in favor of all Defendants and close the file.

IT IS SO ORDERED.

DATED:  3/13/2012



CLAUDIA WILKEN
United States District Judge

13